UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/1/2025
```

-------------------------------------------------------- X
JANA ROMANOVA,                                          :
                                                        :
                                        Plaintiff,      :
                                                        :          22-CV-8948 (VEC)
                    -against-                            :
                                                        :          OPINION AND ORDER
AMILUS INC.,                                            :
                                                        :
                                        Defendant.      :
                                                        :
-------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiff moves to recover the costs and fees that she incurred as the prevailing party in the above-captioned copyright action. Plaintiff's Motion for Attorney Fees at Dkt. 42 is GRANTED IN PART. Defendant must pay an additional $40,227.50 in attorneys' fees, and $1,634.30 in costs. Defendant's judgment now consists of $6,002.10 in statutory damages, $42,840 in attorneys' fees, and $2,076.30 in costs, plus post-judgment interest.[1]

## BACKGROUND

The Court assumes familiarity with the facts of the case so only briefly recounts the relevant procedure. Defendant did not answer the Complaint and failed to appear. *See* Order to Show Cause for Default Judgment, Dkt. 23. The Court ordered Plaintiff to show cause why this case should not be dismissed given that Defendant's use of Plaintiff's photograph on its website appeared to constitute fair use. Order to Show Cause, Dkt. 28. Upon Plaintiff's showing, the Court concluded that Defendant's action did constitute fair use. Opinion and Order, Dkt. 33.

---

[1] Plaintiff's current Motion did not expressly call for post-judgment interest. It is nonetheless appropriate in the circumstances. Especially given Defendant's failure to appear, post-judgment interest is awarded to deter Defendant from delaying payment and to ensure that, if there is a delay in payment, that delay does not prejudice Plaintiff.

Plaintiff appealed that decision, and the Court of Appeals of the Second Circuit reversed and remanded, holding that Defendant's utilization of the photograph was not fair use.  Notice of Appeal, Dkt. 35; Order of USCA, Dkt. 36; Opinion of USCA, Dkt. 37; Mandate of USCA, Dkt. 38.

On June 18, 2025, per the Second Circuit's instruction, the Court granted Plaintiff's Motion for Default Judgment.  Mandate of USCA, Dkt. 38; Order Granting Default Judgement, Dkt. 39.  The Court ordered Defendant to pay statutory damages, attorneys' fees, costs, and post-judgment interest.  Dkt. 39.  Plaintiff was awarded $6,002.10 in statutory damages under 17 U.S.C. § 504(c) (a five-time multiple of the license fee, per Plaintiff's proposal), $2,612.50 in attorneys' fees incurred in proceedings in this Court, $442.00 in costs pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P 54(d), and post-judgment interest under 28 U.S.C.A. § 1961.  *Id.*

On July 7, 2025, Plaintiff moved for attorneys' fees and costs incurred after December 10, 2022, primarily for work associated with the appeal.  Plaintiff's Motion for Attorney Fees, Dkt. 42 at 7-8.  Plaintiff asks the Court to award the additional sums of $75,125.00 in attorneys' fees and $1,634.30 in costs, i.e., an additional award of $76,759.30.  *Id.* at 14.  Defendant was given until August 22, 2025, to respond to Plaintiff's Motion but failed to do so.  Order, Dkt. 46.

## DISCUSSION

Plaintiff should recover fees.  The prospect of attorneys' fees in copyright cases encourages creators to protect their works vigorously even if the potential award of damages is modest.  Plaintiff's fee request, however, is unreasonably high given the scope of the matter.

### 1.  Legal Standard

The Court has discretion to award a prevailing party the costs and reasonable attorneys' fees incurred in connection with a copyright claim.  17 U.S.C. § 505.  The Court's discretion to determine what fees are reasonable is broad.  *Galeana v. Lemongrass on Broadway Corp.*, 120 F.

2

Supp. 3d 306, 323 (S.D.N.Y. 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see also Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000).

The party seeking attorneys' fees bears the burden of demonstrating that the requested fees are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 897-98 (1984). The party must provide the Court with contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983); *see also* Exhibit 1, Time/Billing Records, Dkt. 43-1.

### 2. Hourly Rates

Plaintiff's rates themselves are not unreasonable. In evaluating rates, courts look to the nature and complexity of the case and counsel's practice experience. *See I.B. v. N.Y.C. Dep't of Educ.*, 336 F.3d 79, 80-81 (2d Cir. 2003). Courts also consider rates for similar services by comparable lawyers in the same community. *Id.* Finally, courts take into account case-specific factors and judgment. *See Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987) (allowing court to rely on knowledge of private firm hourly rates); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany and Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008) (allowing court to "adjust the base hourly rate to account for other case-specific variables"). Here, the hourly rates are between $400 and $750. Declaration of Johnathan M. Cader in Support of Plaintiff's Motion for Attorney Fees Dkt. 43 at 2-6. Only the firm's named partner, who has been practicing law for more than thirty years, proposes an hourly rate of $750. *Id.* Plaintiff submitted hourly rate information for attorneys with similar experience in intellectual property matters, and the rates of the attorneys in this case fall somewhere within the range of surveyed attorneys. Exhibit 2, American Intellectual Property Law Association Survey, Dkt. 43-2; Exhibit 3, Laffey Matrix, 43-3. Thus, the hourly rates themselves are not where the problem lies.

3

### 3.  Hours Expended

The number of hours is the issue.  The law is clear: "Plaintiffs should receive compensation only for hours that were reasonably expended." *Kahlil v. Original Old Homestead Restaurant, Inc.*, 657 F. Supp. 2d 470, 476 (S.D.N.Y. 2009) (citing *Hensley*, 461 U.S. at 433).  In particular, the Court "should exclude fees billed for time that is 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)); *see also Hernandez v. Boucherie LLC*, No. 1:18-cv-7887-VEC, 2019 WL 3765750, at *6 (S.D.N.Y. Aug. 8, 2019).  Upon review, the number of hours Plaintiff's counsel spent on this case was excessive, especially given that there was no briefing by Defendant to which they needed to respond.  The Court does not doubt that there was genuine effort expended by the attorneys, which is evident on the face of the pleadings.  Their papers and oral argument certainly required consultation among attorneys, legal research, and careful drafting and editing.  *See Torres v. Colvin*, No. 1:11-cv-5309-JGK, 2014 WL 909765, at *3 (S.D.N.Y. Mar. 6, 2014) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007)) (considering whether there is evidence of effort expended by attorneys demonstrated through the pleading and arguments).  This did not, however, require nearly 127 hours, translating to over $70,000 in fees.  It is unreasonable that the two most senior lawyers billed over 90 hours on a brief that was less than 40 pages and that focused on a legal issue in which they are supposedly expert.

### 4.  Reasonable Fees

The Court carefully considered each of Plaintiff's billing entries.  Various entries were reduced,[2] including but not limited to those related to (1) the default judgment, for which fees were already granted; (2) the current Motion; (3) discussions with amici who never appeared

---

[2]    Attached as Exhibit 1 to this Order is a spreadsheet that is color-coded to show the reductions made by the Court.

before the Court of Appeals; (4) travel; and (5) the firm's own filing errors.[3]   The Court also cut

down duplication, copious internal coordination, and improbably large chunks of time spent on

research by multiple very senior attorneys.   Instances of calendaring/logistics were removed.   *See*

*Lizondro-Garcia v. Kefi LLC*, No. 1:12-cv-1906-HBP, 2015 WL 4006896, at *9 (S.D.N.Y.

July 1, 2015) (citing *Kahlil*, 657 F. Supp. 2d at 478) (finding "purely clerical" work is not

recoverable in attorneys' fees, even when billed by paralegals, let alone attorneys).

These billing entries are an example of death by a thousand cuts.   They are replete with

entries for 0.2 hours spent on ministerial and minor tasks that could not possibly have taken 12

minutes.[4]   *See C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 1:17-cv-7632-PAE, 2018 WL

3769972, at *8 (S.D.N.Y. Aug. 9, 2018) (calling out "the practice of counsel and paralegals in

billing a plethora of 0.1 hour services for minor tasks of minimal duration").   While expecting

Defendant to pay the printer's costs is reasonable,[5] billing every email with the printers for $120

is beyond the pale.   Adjusting all the above results in a total of $40,227.50 for the additional

work (and $1,634.30 for the additional costs).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees is GRANTED IN

PART.   Plaintiff is awarded an additional $40,227.50 in attorneys' fees and $1,634.30 in costs.

Defendant's judgment now totals $6,002.10 in statutory damages, $42,840 in attorneys' fees, and

---

[3]   For example, between September 6, 2023, and October 11, 2023, Craig Sanders, the named partner who bills at $750 per hour, billed an aggregate of 2 hours spent reviewing ecf bounces and downloading and correcting defective appellate filings.  Dkt. 43-1.  During that same period, Jonathan Cader, a lawyer with eighteen years of experience who bills at $600 per hour, billed an aggregate of 2.4 hours to the same effort.  *Id.*; Dkt. 43 at 2-3.  Thus, during this five-week period alone, Plaintiff is seeking a total of $2,940.00 in attorneys' fees for time spent by senior attorneys doing paralegal work.

[4]   For example, reviewing an ecf bounce (*see* May 23, 2025; July 10, 2023), leaving a message for a case manager (*see* March 12, 2025), and receiving a callback from a case manager (*see* March 13, 2025) each seems highly unlikely to have each taken 12 minutes.  *See* Dkt. 43-1.

[5]   The other cost, a filing fee of $505.00 reflected at on the docket, is also reasonable.  Notice of Appeal, Dkt. 35.

$2,076.30 in costs, plus post-judgment interest.

The Clerk of the Court is respectfully directed to mail a copy of this Opinion and Order to Defendant Amilus Inc. at 5 East 16th Street / 11th Floor / New York, NY 10003; close the open Motion at Dkt. 42; and close this case.

**SO ORDERED.**

**Date:  December 1, 2025
New York, NY**

_____
**VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE**